STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-09-012

PAF - YOR - 10/21/2010

SHEILA W. MATTHEWS-BULL, as
Personal Representative of THE
ESTATE OF DEBORAH F. MATTHEWS,

Petitioner

v.

**ORDER AND DECISION**

STATE TAX ASSESSOR,

Respondent

## I. PROCEDURE

Ms. Matthews-Bull, as personal representative of the estate of her mother-in-law

Deborah Matthews, has sought review pursuant to 36 M.R.S.A. §151 of a final decision

of the State Tax Assessor of February 20, 2009 which upheld an assessment of taxes,

interest and penalties against the estate. Unlike most reviews of decisions of

governmental agencies, "The Superior Court shall conduct a de novo hearing and make

a de novo determination of the merits of the case." 36 M.R.S.A. §151. The respondent

has filed a motion for summary judgment, which has been briefed and argued. While

there are some facts in dispute there is "no genuine issue as to any material fact ...",

Rule 56(c), M.R.Civ.P. The case is ready for decision. "The burden of proof is on the

taxpayer." 36 M.R.S.A. §151.

Maine has an estate tax, see 36 M.R.S.A. §§ 4061 – *et seq.* which, with specified

exceptions, follows the concepts and terminology of the federal Internal Revenue Code.

A tax is imposed pursuant to 36 M.R.S.A. §4063 on the estate of a resident who dies on

or after January 1, 2002. In determining the "federal gross estate" the gross estate, with exceptions related to gifts that are not relevant to this case, is determined pursuant to the Internal Revenue Code.

## II. THE FACTS

At the time of her death on June 20, 2004 Deborah F. Matthews owned a one-third interest as a tenant in common in a house and land located at 59 Langsford Road in Kennebunkport. She purchased the property in 1950 and was widowed in 1979. In 1983 her son Philip, his wife the petitioner and their children moved to Maine and resided with her from 1983 to 1986.

In 1986 Mr. Matthews, Ms. Matthews-Bull and their children moved from the Langsford Road property to the Rhumb Line hotel, also in Kennebunkport, which they had purchased and would operate. In 1992 Ms. Matthews gave a two-thirds interest in the property to her son Philip, which is now owned by the Philip H. Matthews Trust, while retaining a one-third interest. She filed a federal gift tax return listing the gift but was not obligated to pay a tax. In 1995 Philip Matthews died. From 1986 to his death he and his family lived at the Rhumb Line where his family continued to live until 2008.

Ms. Matthews continued to reside at the property until she entered a hospital and then a nursing home in 2002. She was not able to return to live at home before her death.

The evidence establishes that Ms. Matthews used the home as her residence until 2002. Neither Mr. Matthews nor his family resided at the property though they were there frequently, used the property for recreation, hosted a wedding there and were free to fully use the property. From 1992 through 2004 the mortgage and real estate taxes were split consistent with the fractional interests while Ms. Matthews paid in full the

2

other expenses such as the electric, oil, cable, telephone and water bills. She paid no rent to her son or daughter-in-law nor they to her.

After her death the estate included one-third of the value of the property among the estate's assets. The Maine Revenue Service included the full value of the property. That determination has been challenged administratively and now in the Superior Court.

In examining the undisputed facts, based on the depositions and affidavits that do not contradict the depositions, it is clear that, while Ms. Matthews only owned a one-third interest in the property from 1992 to 2004, there was an implicit understanding that she was free to live there for the remainder of her life. There is no evidence that her son or daughter-in-law would have ever forced a sale of the property under a partition action or have attempted to limit her use of the property to four months of the year or in any other way. She retained the full non-exclusive use and enjoyment of the property.

### III. GOVERNING LAW

The determinative statute is 26 U.S.C.C. §2036(a) which reads,

"The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death-

(1) the possession or enjoyment of, or the right to the income from, the property, or

(2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom."

Ms. Matthews, prior to the transfer by gift of a two-thirds interest to her son, owned the entire property. By definition the gift was not a "bona fide sale for an

3

adequate and full consideration in money or money's worth. She did retain for life, by an implicit agreement, the right to possess or enjoy the property by residing there. This conclusion is supported by the authorities cited by the parties.

In *Estate of Bigelow v. Commissioner*, 503 F.3d 955 (9th Cir. 2007) a three judge panel of the United States Court of Appeals for the Ninth Circuit determined that the full value of property had to be included in the gross estate because the decedent retained the possession, enjoyment or right to the income from the asset that was transferred to a family limited partnership. Starting at page 963 the Court of Appeals explained the reasoning behind Section 2036(a)(1).

In *Bigelow*, at 963, the Court indicated that, "Section 2036(a)(1) is designed to recapture the value of certain assets transferred by the decedent during his or her lifetime where the decedent has retained economic benefits from the transferred asset.... The value-recapturing provision under §2036(a) is in keeping with longstanding congressional recognition that *inter vivos* gifts would undermine the effectiveness of the federal estate tax if the IRS could not recoup the value of 'transfers that are really testamentary – i.e. transfers which leave the transferor a significant interest in or control over the property transferred during his lifetime.'"

The Tax Court case of *Roemer v. Commissioner*, T.C. Memo 1983 – 509 at first appears to favor the petitioner in that the entire value of a house transferred to the decedent's daughter was excluded from the gross estate. The opinion notes that the decedent and her daughter lived together for five years and that the decedent purchased a new house and quickly deeded it to her daughter where they both resided for the final almost four years of the mother's life. There was no mention of any agreement that the mother could live there for the remainder of her life. As the Tax Court noted, at 6, "It is well settled that possession or enjoyment is considered to be

4

retained by the donor when there is an express or implied understanding to that effect among the parties at the time of the transfer." After examining the precedents the Tax Court noted the importance, at 9, of "a showing of an express or implied agreement that the donor would have the right to continue to live in the residence."

In Ms. Roemer's case she referred to her daughter as her landlord, at 12, and asked "her daughter's permission before inviting friends to the residence." See p. 13. Unlike the *Roemer* case Ms. Matthews had an implied agreement that she could live in her home for as long as she was able to and did enjoy the primary use of the house through 2002.

Another *Tax Court* case in *Jorgensen v. Commissioner*, T.C. Memo 2009-66 with a more complex series of financial transactions. *Jorgensen*, at 19, cites *Bigelow*.

The cases cited by the petitioner do not vary these core principles and are distinguishable on their facts.

Ms. Matthews through an implicit agreement retained and utilized the right to live at the property for long as she was able to. Her son and family acted as kindly, gracious family members would in using the property but not exercising control over it. The full value of the property must be included in the gross estate. As the focus must be on the decedent's use of the property,

The entry is:

Judgment for the respondent. The full value of the real estate located at 59 Langsford Road in Kennebunkport is to be included in the gross estate of Deborah F. Matthews.

Dated:     October 21, 2010

Paul A. Fritzsche
Justice, Superior Court

ATTORNEY FOR PLAINTIFF:
THOMAS A. WELCH, ESQ.
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043

ATTORNEY FOR DEFENDANT:
Gregg Bernstein, AAG
Office of the Attorney General
6 State House Station
Augusta ME   04333-0006